157 F.Supp.2d 1142 (2000)
ROCKY MOUNTAIN OIL & GAS ASSOCIATION, Plaintiff,
Independent Petroleum Association of America, Plaintiff-Intervenor,
v.
UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture, Defendant,
Professional Wildlife Outfitters, et al., Defendant-Intervenors.
No. CV 98-22-H-CCL.
United States District Court, D. Montana. Helena Division.
March 7, 2000.
*1143 Charles Kaiser, Denver, CO, for Plaintiff.
William Thode, Denver, CO, for Plaintiff-Intervenor.
Albert Lin, for Defendant.
James Angell for Defendant-Intervenors.

OPINION AND ORDER
LOVELL, District Judge.
Before the court are the parties' cross-motions for summary judgment. The matter came on for hearing on February 17, 2000, and the case was argued by Charles Kaiser for the Plaintiff, by William Thode for Plaintiff-Intervenor, by Albert Lin for Defendant, and by James Angell for Defendant-Intervenors. The court, having heard oral argument and having carefully reviewed the briefs and the materials submitted by the parties, is prepared to rule.
Plaintiffs's "Complaint for Review of Administrative Action and for Declaratory Relief," filed May 21, 1998, asserts that the Record of Decision (ROD) issued by Defendant United States Forest Service ("Forest Service") is an unlawful agency decision violating the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 et seq., the Multiple-Use Sustained Yield Act ("MUSYA"), 16 U.S.C. §§ 528-531, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 501 et seq. Plaintiffs ask that the court declare the Forest Service decision not to issue oil and gas leases in the Rocky Mountain Division of the Lewis and Clark National Forest, effective for the next 7-12 years, to be violative of NEPA, NFMA, AND MUSYA, and to be arbitrary, capricious and not in accordance with the law, in violation of the APA.

Standing
Defendant USFS and Defendant-Intervenors challenge Plaintiff and Plaintiff-Intervenor's standing to bring this action. Both Plaintiffs are trade associations whose members want the opportunity to obtain oil and gas leases in the Rocky Mountain Division.[1] The Defendants urge the court to take the view that Plaintiffs can show no injury in fact that could be redressed by a favorable decision. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16, 140 L.Ed.2d 210 (1998).
Defendants' main point is that this court is unable to order the executive branch to issue oil and gas leases on the Rocky Mountain Division to Plaintiffs and that therefore no substantial likelihood exists that Plaintiffs' complaints can be redressed. See 30 U.S.C. § 226(a) (Mineral Leasing Act) ("All lands subject to disposition under this chapter which are known or believed to contain oil or gas deposits may be leased by the Secretary [of the Interior]." (emphasis added)). See also Udall v. Tallman, 380 U.S. 1, 4, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Arnold v. Morton, 529 F.2d 1101, 1105 (9th Cir. 1976); Burglin v. Morton, 527 F.2d 486, *1144 488 (9th Cir.1975) (Secretary [of Interior] not obligated to issue oil and gas leases on government lands); 30 U.S.C. § 226(h) (Secretary of Interior may not lease land without consent of Secretary of Agriculture). Defendants also point out that a third-party not before the court, the Secretary of the Interior, exerts control over whether oil and gas leases are issued in the Rocky Mountain Division. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (redressability not met when third party not before court controls issue).
Finally Defendants assert that prudential standing is absent because Plaintiffs have failed to identify precisely how they have been aggrieved under the APA within the meaning of a relevant statute. In this regard, Defendants argue that economic interests are not within the zone of interests of NEPA. See Presidio Golf Club v. National Park Service, 155 F.3d 1153, 1157 (9th Cir.1998).

Merits of Plaintiffs' Complaints
Because the question of standing is intertwined with the merits of the case, the court considers both simultaneously.
Plaintiffs' argument under NEPA is essentially that it is unlawful for the Forest Service to allow public sentiment to override scientific approval of oil and gas leasing in the Rocky Mountain Division. This would be an odd rule of law to ascribe to NEPA, which has the goal of providing notice to the public of proposed agency action and an opportunity for public input. 42 U.S.C. § 4332(c); 40 C.F.R. § 1500.2(d) Half Moon Bay Fishermans' Mktg. Ass'n, 857 F.2d 505, 508 (9th Cir.1988). While it is true that NEPA does not require agencies to obey public opinion, it is equally true that nothing in NEPA forces agencies to submit blindly to the proposals of agency scientists and technical staff. See e.g., California v. Block, 690 F.2d 753, 774 (9th Cir.1982); State Farm Mut. Auto. Ins. Co. v. Dole, 802 F.2d 474, 488-89 (D.C.Cir. 1986).
Additionally, Plaintiffs' arguments that the "value of place" criterion was treated inconsistently in the FEIS as opposed to the ROD and that "value of place" is not a valid management criterion boil down to semantics, and are disingenuous at best. Plaintiffs also assert that they should have been given an opportunity to comment upon public comment, as if Plaintiffs occupied some middle strata between the public and the agency.
From the beginning of the scoping process in 1994, the public has been overwhelmingly concerned with the value of the place, i.e., the Rocky Mountain Division of the Lewis and Clark National Forest. The "value of place" criterion is also inextricably part of recreation and tourism criteria. As Plaintiffs themselves point out, the majority of people commenting upon the DEIS did not want even the possibility of oil and gas technology spoiling the pristine scenery and diverse resources of the Rocky Mountain Division. Plaintiff-Intervenor's attempt to elevate these strong feelings about the place to a new age religion and then to call foul on the basis of violation of the Establishment Clause is simply without merit.[2]
There is nothing arbitrary and capricious or unlawful under NEPA arising from the Forest Service decision not to open the Rocky Mountain Division to oil and gas leasing because the agency gave the question a sufficiently hard look and considered public opposition and many *1145 other relevant factors. The ROD shows that the agency examined the relevant data, and the ROD articulates a rational explanation[3] for agency action. See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). Plaintiffs' arguments under the NFMA and the MUSYA are irrelevant as the NFMA and the MUSYA do not apply to oil and gas leasing and because Amendment 21 to the 1986 Forest Plan was a non-significant amendment not requiring preparation of an environmental impact statement.
Arbitrary and capricious review cannot be conducted under the APA independent of another statute. Oregon Natural Resources Council v. Thomas, 92 F.3d 792, 797 (9th Cir.1996). Here there is no such statute.

CONCLUSION
Having reviewed the administrative record, the briefs, declarations, and affidavits of all parties, and having heard oral argument, the court finds a lack of standing to sue and failure to establish that the agency's decision was arbitrary, capricious, or in violation of any law.
Accordingly,
IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment (# 53) and Plaintiff-Intervenor's motion for summary judgment (# 50) are both DENIED. Defendant's cross-motion for summary judgment (# 62) and Defendant-Intervenor's cross-motion for summary judgment (# 59) are both GRANTED.
IT IS FURTHER ORDERED that Plaintiff's' complaint and Plaintiff-Intervenor's complaint are both DISMISSED, and all relief is DENIED. Let judgment enter accordingly.
The Clerk is directed forthwith to notify the parties of entry of this order.
NOTES
[1] The Forest Service decision does not affect existing leases. AR Vol. 14, Doc. 1 at I-7 (FEIS).
[2] Plaintiff-Intervenor's Establishment Clause argument and its ultra vires argument were not raised in the administrative appeals process and should be dismissed on failure to exhaust administrative remedies.
[3] The court will not attempt to articulate each and every basis upon which the decision rests, but the ROD lists the following factors to support the decision: (1) public comment; (2) information disclosed in the Final EIS; (3) presence of an identified traditional cultural district; (4) fact that two leaseholders presently willing to consider exchanging lease rights for offshore lease bidding credits; (5) Department of Energy projection that combined domestic and important natural gas supplies expected to keep pace with demand for next 15-20 years; (6) social values; (7) non-monetary or other use values; (8) revenue from tourism and recreational uses; (9) preservation of options for future use (whether for wilderness designation or multiple uses). Plaintiffs argument that the decision was based on only one factor, "value of place," is simply false.